WESTERN DISTRICT OF TN
FILED IN OPEN COURT:
DATE: 9-19-19
TIME: 3:24 p.m.
INITIALS: Ce

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | 1:19-10044-02-JDB<br>Cr. No. <u>1:19-cr-1044-2-JDB</u> |
| MICHELLE N. BONIFIELD, | * | |
| Defendant. | * | |

## PLEA AGREEMENT

The Defendant, MICHELLE N. BONIFIELD, by and through her counsel, Ruchee J. Patel, knowingly and voluntarily agrees with the United States, through Allan Medina, Acting Deputy Chief, Health Care Fraud Unit, Fraud Section, Criminal Divison, U.S. Department of Justice, and Jillian Willis, the undersigned Trial Attorney, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

1. The Defendant agrees to enter a plea of guilty to Count Four of the Indictment. In Count Four, the Defendant is charged with Unlawful Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). The maximum penalty for Unlawful Distribution of a Schedule II Controlled Substance is 20 years imprisonment, a fine of not more than $1,000,000, or both, to be followed by three years supervised release.

2. The Defendant further agrees that:

   a. She is pleading guilty to Count Four of the Indictment because she is guilty of the charges contained within;

   b. If she had proceeded to trial and had been convicted, she would have had the right to appeal the conviction. She understands that by pleading guilty, she gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, she also hereby waives her rights to appeal her sentence, unless the sentence exceeds the maximum permitted by statute or is the result of an upward

1

    departure from the guideline range that the Court establishes at sentencing;

c. Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, she waives her right to challenge the sufficiency or the voluntariness of his guilty plea on direct appeal or in any collateral attack;

d. The special assessment of $100 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing;

e. The defendant agrees to abandon any claim in any civil or administrative forfeiture proceeding as a result of the conduct to which the defendant is pleading under this agreement, and agrees to forfeit any and all property seized from the defendant upon arrest; and

f. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3. Defendant admits that if put to its burden at trial, the government would be able to prove the following beyond a reasonable doubt:

*On or about February 29, 2016, Glenn Bonifield, Jr., a pharmacist, operated Mehr Pharmacy and his daughter, Defendant Michelle N. Bonifield, was as a pharmacy technician. Mehr Pharmacy was located in Bells, Tennessee, in the Eastern Division of the Western District of Tennessee. Michelle Bonifield, with Glenn Bonifield, Jr., knowingly and intentionally filled, or aided and abetted in filling, a February 29, 2016, prescription for 120 10/325 mg Hydrocodone-Acetaminophen pills to P.M., outside the scope of professional practice and not for a legitimate medical purpose.*

4. The Defendant understands that:

a. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations under this plea agreement and would become free to argue for

any sentence within the statutory limits. Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

b. The defendant further expressly waives her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing her signature to this plea agreement. The defendant understands and agrees that in the event the defendant violates the plea agreement, the defendant does not enter her plea of guilty, or her guilty plea is for any reason withdrawn, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

5. The parties agree that Defendant's base offense level, including relevant conduct under U.S.S.G § 2D1.1(a)(5), is 12. Specifically, Defendant admits that on February 29, 2016, the Defendant distributed 1200 mg of Hydrocodone ~~Oxycodone~~, and this was knowingly and intentionally done with no legitimate medical purpose and outside the scope of professional practice. The converted drug weight of this prescription is at least 5KG but less than 10 KG ("the Agreed Weight under U.S.S.G § 2D1.1(c)(14)").

6. Pursuant to Section U.S.S.G § 3E1.1, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility, provided that the defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if she engages in the future, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change.

7. Based on information available to the United States regarding the Defendant's criminal convictions and her commission of the instant offense while under supervision, the Defendant is estimated to have eight (8) criminal history points and her Criminal History Category is estimated to be IV. Combined with the anticipated offense level, after acceptance of responsibility, the Anticipated Advisory Sentencing Guidelines range is 15-21 months' imprisonment, in addition to any supervised release the Court may impose. The United States agrees to recommend that the defendant be sentenced to a term of imprisonment no higher than the bottom of this Anticipated Advisory Sentencing Guidelines range.

3

8. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be.

9. The United States agrees that, if the Court accepts the defendant's guilty plea, it will move to dismiss the remaining counts in the Indictment in this case after sentencing, and it will not prosecute the defendant for any offense related to the offenses charged in the Indictment.

10. By signing this agreement, Defendant affirms that she is satisfied with her lawyers' counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_____   Date 9/19/19
MICHELLE N. BONIFIELD
Defendant

_____   Date 9/19/19
RUCHEE J. PATEL
Defendant's Counsel


ALLAN MEDINA
Acting Chief, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice

By:

_____   Date 9/19/19
JILLIAN WILLIS
Trial Attorney, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice